IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>             Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY SCHOOL DISTRICT et al.,<br><br>             Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-CV-362 CW |

Now before the court are Defendant Roger Pate's Motion to Dismiss (Dkt. No. 14), Defendant David Holdsworth's Motion to Dismiss (Dkt. No. 25), and Plaintiff Susan Catlin's Motion to Add a Defendant (Dkt. No. 35). For the reasons stated below, Mr. Pate and Mr. Holdsworth's motions to dismiss are GRANTED and Ms. Catlin's motion to add a defendant is DENIED.

**ANALYSIS**

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "well-pleaded factual allegations" are viewed "in the light most favorable to the plaintiff." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005)). The question is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at

Red Hawk, 493 F.3d at 1177 (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007)). In applying this standard, the court construes Ms. Catlin's pleadings liberally, given that she is acting *pro se*, but the court will not act as her advocate. See Ford v. Pryor, __ F.3d __, 2008 WL 5264730, *1 (10th Cir. Dec. 19, 2008).

    Ms. Catlin brings this action under Title VII of the Civil Rights Act of 1964 for employment discrimination. Mr. Holdsworth was Ms. Catlin's attorney for a time and Ms. Catlin alleges that his actions resulted in the dismissal of a claim she made in an unrelated case. Mr. Pate is the president of the Utah School Employees Association (the "Association"). The Association is also named as a defendant in this action.

    Mr. Pate argues, and Ms. Catlin does not dispute, that there are no allegations naming Mr. Pate or describing actions taken by him in any capacity in Ms. Catlin's complaint. Because Ms. Catlin has not plead any facts with regard to Mr. Pate, his motion to dismiss himself as a defendant is GRANTED.

    Mr. Holdsworth maintains that Ms. Catlin has not effectively pled a claim for violation of Title VII against him because she does not contend that he acted under color of state law. Ms. Catlin responds that she alleges that Mr. Holdsworth was involved in a conspiracy with state actors to deprive her of civil rights. Ms. Catlin is correct that a non-state actor can be liable for violation of civil rights if he conspired with a state actor to do so. See Lindsey v. Thomson, 275 Fed. Appx. 744, 746 (10th Cir. 2007). To successfully plead such a claim, however, a plaintiff must allege sufficient facts to support the essential elements of a conspiracy: agreement and concerted action. See id. Failing to allege facts substantiating these elements will result in the dismissal of the complaint. See id. at 747-48.

The court has carefully and liberally reviewed all of Ms. Catlin's allegations regarding Mr. Holdsworth.  As Mr. Holdsworth has admitted, a generous reading of the complaint shows that Ms. Catlin may have successfully plead a malpractice claim against him.  But none of her allegations can reasonably be read to assert that Mr. Holdsworth agreed or took any joint action with any state actor to deprive Ms. Catlin of any rights.  Instead, Ms. Catlin attributes the loss of a civil rights claim to Mr. Holdsworth's faulty legal representation and concludes that he was part of conspiracy deprive her of rights.  Such a conclusion does not state a claim for conspiracy.  Mr. Holdsworth's motion to dismiss himself as a defendant is consequently GRANTED.

Finally, Ms. Catlin has moved to add Michael Hepner, the Association's executive director, as a defendant.  But as counsel for the Association points out, there are no allegations involving Mr. Hepner in Ms. Catlin's complaint.  Moreover, Ms. Catlin does not seek to add any allegations in an amended complaint regarding Mr. Hepner in conjunction with adding him as a defendant.  Accordingly, Ms. Catlin's request is not appropriate.

**ORDER**

For the reasons set forth above, Mr. Pate's Motion to Dismiss (Dkt. No. 14) is GRANTED, Mr. Holdsworth's Motion to Dismiss (Dkt. No. 25) is GRANTED, and Ms. Catlin's Motion to Add a Defendant (Dkt. No. 35) is DENIED.

SO ORDERED this 21st day of January, 2009.

                                  BY THE COURT:

                                  _____

                                  Clark Waddoups
                                  United States District Judge