IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>            Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-362-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court are (1) McKell Withers and Salt Lake City School District's (collectively, the "SLCSD Defendants") motion to extend the time for filing an Attorney Planning Meeting Report and to continue the currently scheduled initial pretrial conference until after the court resolves a pending dispositive motion;[1] (2) Susan Catlin's ("Plaintiff") motion requesting the same relief relative to the Attorney Planning Meeting Report and the initial pretrial conference;[2] and (3) Plaintiff's motion for an extension of time to appeal[3] an order and memorandum decision issued by this court on January 21, 2009 (the "January 21 Order").[4]  The court has carefully reviewed the parties' written submissions on the above-referenced motions.  Pursuant to civil rule 7-1(f) of the

---

[1] See docket no. 51.

[2] See docket no. 52.

[3] See docket no. 49.

[4] See docket no. 41.

Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions.  See DUCivR 7-1(f).

At the outset, the court notes that Plaintiff is proceeding pro se in this case.  Accordingly, the court will construe her pleadings and other submissions liberally.  See, e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

I.  **Motions to Extend the Deadline for the Attorney Planning Meeting Report and to Continue the Initial Pretrial Conference**

Plaintiff and the SLCSD Defendants have filed motions to extend the deadline for filing an Attorney Planning Meeting Report and to continue the currently scheduled initial pretrial conference until after the court resolves a pending dispositive motion.  The court has determined that while that dispositive motion is pending, it makes little sense for the parties to file an Attorney Planning Meeting Report or attend an initial pretrial conference.  Accordingly, Plaintiff's and the SLCSD Defendants' motions are granted, and the initial pretrial conference currently scheduled for March 25, 2009, is hereby vacated.  At an appropriate date in the future, if necessary, the court will issue a notice rescheduling the initial pretrial conference and setting a new deadline for filing an Attorney Planning Meeting Report.

II.  **Plaintiff's Motion for Extension of Time to Appeal**

In her motion, Plaintiff seeks an extension of time to appeal the January 21 Order.  In the January 21 Order, this court granted motions to dismiss brought by Defendants David Holdsworth and Roger Pate.  While the January 21 Order dismissed Plaintiff's claims against Mr. Holdsworth

and Mr. Pate, it had no effect on Plaintiff's claims against the remaining Defendants:  the Utah School Employees Association, Geoffrey W. Leonard, and the SLCSD Defendants.

In relevant part, 28 U.S.C. § 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States."  28 U.S.C. § 1291 (2008) (emphasis added).  A final decision under 28 U.S.C. § 1291 "is one that fully resolves all claims for relief."  Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1541 (10th Cir. 1996).  Put another way, 28 U.S.C. § 1291 "has consistently been held to require the termination of all matters as to all parties and causes of action before an appeal may be taken."  D&H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1444 (10th Cir. 1984).

In this case, after entry of the January 21 Order, Plaintiff still has unresolved claims against several different parties.  Consequently, the January 21 Order does not qualify as a final decision under 28 U.S.C. § 1291 and, therefore, is not appealable.  See 28 U.S.C. § 1291; Harolds Stores, Inc., 82 F.3d at 1541; D&H Marketers, Inc., 744 F.2d at 1444.  Accordingly, Plaintiff's motion for an extension of time to appeal the January 21 Order is premature.  In general, Plaintiff's time to appeal any decisions in this case will not begin to run until the court has fully resolved all of her claims for relief against all parties.  See 28 U.S.C. § 1291; Harolds Stores, Inc., 82 F.3d at 1541; D&H Marketers, Inc., 744 F.2d at 1444.

Notwithstanding the general rule above, an order can become final and appealable if the district court certifies that order under rule 54(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 54(b); see also, e.g., Harolds Stores, Inc., 82 F.3d at 1541.  Because the court construes Plaintiff's pro se filings liberally, see, e.g., Ledbetter, 318 F.3d at 1187, the court will consider the

instant motion not only as a request for an extension of time to appeal the January 21 Order, but also as a request to certify the January 21 Order under rule 54(b).

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Certification under rule 54(b) "is appropriate *only* when the district court adheres strictly to the rule's requirement that a court make two express determinations.  First, the district court must determine that its judgment is final.  Second, the district court must determine that no just reason for delay of entry of its judgment exists."  Stockman's Water Co. v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005) (quotations and citations omitted).

> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal.  Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."

Id. (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)) (first alteration in original).

In this case, the court has determined that it would not be proper to certify the January 21 Order as final and appealable under rule 54(b). If the court were to do so, it would be contrary to "Rule 54(b)'s policy of preventing piecemeal appeals." Id. Based upon the court's review of Plaintiff's amended complaint, the claims dismissed by the January 21 Order are not "'separable from the others remaining to be adjudicated.'" Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8). Indeed, it appears that all of the claims contained in Plaintiff's amended complaint are based on the same set of operative facts. In addition, if the court were to certify the January 21 Order as final and appealable, the Tenth Circuit would likely "'have to decide the same issues more than once'" in any subsequent appeals. Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8). For these reasons, the court has determined that it would be inappropriate to certify the January 21 Order as final and appealable under rule 54(b).

In summary, the court concludes that Plaintiff's motion for an extension of time to appeal the January 21 Order is premature because that order does not qualify as a final decision under 28 U.S.C. § 1291 and, therefore, is not appealable. See 28 U.S.C. § 1291; Harolds Stores, Inc., 82 F.3d at 1541; D&H Marketers, Inc., 744 F.2d at 1444. In addition, even when the court liberally construes Plaintiff's motion as a request to certify the January 21 Order under rule 54(b), the court concludes that it would be improper to make such a certification. For these reasons, Plaintiff's motion for an extension of time to appeal the January 21 Order is denied.

As a final matter, the court reiterates that, in general, Plaintiff's time to appeal any of the rulings in this case, including those contained in the January 21 Order, will not begin to run until

the court has fully resolved all of her claims for relief against all parties. See 28 U.S.C. § 1291; Harolds Stores, Inc., 82 F.3d at 1541; D&H Marketers, Inc., 744 F.2d at 1444.

### III. Conclusion

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's and the SLCSD Defendants' motions to extend the time for filing an Attorney Planning Meeting Report and to continue the initial pretrial conference[5] are **GRANTED**. Accordingly, the initial pretrial conference currently scheduled for March 25, 2009,[6] is **VACATED**. At an appropriate date in the future, if necessary, the court will issue a notice rescheduling the initial pretrial conference and setting a new deadline for filing an Attorney Planning Meeting Report.

2. Plaintiff's motion for an extension of time to appeal the January 21 Order[7] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2009.

BY THE COURT:

*[signature]*

CLARK WADDOUPS
United States District Judge

---

[5] See docket nos. 51, 52.

[6] See docket nos. 43, 47.

[7] See docket no. 49.