# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE CITY SCHOOL DISTRICT, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:08-cv-362-CW-PMW <br><br><br> **District Judge Clark Waddoups** <br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Susan Catlin's ("Plaintiff") motion for disqualification.[1] I have carefully reviewed the parties' written submissions on the motion. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, I have concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions. *See* DUCivR 7-1(f).

Plaintiff asks that I disqualify myself from this case due to alleged bias and conflicts of interest. The appropriate standard for disqualification provides that "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). That provision sets forth an objective standard, *see In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004), and disqualification is required only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

---

[1] *See* docket no. 81.

impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quotations and citations omitted).

Plaintiff alleges that I may be biased and have potential conflicts of interest because I am acquainted with one of the named defendants in this case, attorney David Holdsworth. In support of that allegation, Plaintiff references an article from the Winter 2007 edition of the newsletter for the Utah Chapter of the Federal Bar Association.[2] The article, which is a judicial profile that discusses various aspects of my personal and professional life, was written by Mr. Holdsworth. Plaintiff also contends that I have "conflicting connections"[3] with several other attorneys in this case because they are or may be members of the Utah Chapter of the Federal Bar Association. Finally, Plaintiff inquires about whether I am related by marriage or blood to two individuals, Grant M. Warner and Gail Harkness. I presume that Plaintiff makes that inquiry based on both my last name and the contents of the above-referenced article.

I have considered Plaintiff's concerns and determined that there is no valid basis for my disqualification. While Mr. Holdsworth interviewed me for the above-referenced article and has appeared in my court occasionally, I have nothing more than a passing personal acquaintance with him. We have no social relationship whatsoever. Such an acquaintance is insufficient to warrant disqualification. Further, while I recognize that some of the attorneys in this case may be members of the Utah Chapter of the Federal Bar Association (and perhaps other professional

---

[2] *See id* at Exhibit A.

[3] *Id*. at 1.

associations), that does not in and of itself create a conflict of interest or warrant disqualification. Finally, I am neither acquainted with nor related to Grant M. Warner and Gail Harkness.

For these reasons, I conclude that no reasonable person, knowing all the relevant facts and circumstances, would harbor doubts about my impartiality in this case. *See* 28 U.S.C. § 455(a); *Cooley*, 1 F.3d at 993. Because no legitimate reason exists in support of my recusal, Plaintiff's motion to disqualify is **DENIED**. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) ("[A] judge has as much obligation not to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true.").

**IT IS SO ORDERED**.

DATED this 9th day of September, 2009.

BY THE COURT:

                              PAUL M. WARNER
                              United States Magistrate Judge