## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **SUSAN CATLIN,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:08-cv-362-CW-PMW** |
| **SALT LAKE CITY SCHOOL DISTRICT, et al.,** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before this court are (1) Plaintiff's motion to accept the filing of certain documents[2] and (2) Utah School Employees Association ("USEA") and Geoffrey W. Leonard's (collectively, "USEA Defendants") motion for judgment on the pleadings.[3]  The court has carefully reviewed the parties' written submissions on the above-referenced motions.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 42.

[2]  *See* docket no. 58.

[3]  *See* docket no. 44.

The court recognizes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe her pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiff is employed by the Salt Lake City School District ("SLCSD") in an auxiliary staff position.  In approximately May 2004, the SLCSD changed its pay scale for auxiliary staff. According to Plaintiff, that change was made in order to resolve the wage disparity between white employees and employees of other races.  Plaintiff alleges that this change constituted reverse race discrimination and was not made in accordance with SLCSD policies and procedures.  Plaintiff also alleges that the new pay scale constitutes age and sex discrimination because it discriminates against women over the age of forty.

After the effective date of the change in pay in 2005, Plaintiff filed an internal grievance with the SLCSD.  Plaintiff spoke with a USEA Labor Relations Representative about her grievance. Later, Plaintiff discussed her grievance with Mr. Leonard, the USEA staff attorney, who agreed to represent Plaintiff with her grievance.  Plaintiff alleges that as a result of filing her grievance, the SLCSD further discriminated against her by reducing her hours in an attempt to make her ineligible for health insurance.

In approximately February 2007, Plaintiff filed various discrimination charges with the Equal Employment Opportunity Commission ("EEOC"), contrary to Mr. Leonard's advice and without his knowledge.  As a result of those filings, Mr. Leonard terminated his representation of Plaintiff.  Thereafter, Plaintiff hired a private attorney to assist her with pursuing her EEOC charges.

On or about February 8, 2008, Plaintiff received a Notice of Rights letter from the EEOC.  On May 6, 2008, she filed the original complaint in this action against the SLCSD and SLCSD Superintendent McKell Withers.[4]  On August 27, 2008, Plaintiff filed an amended complaint, which named the defendants in her original complaint, as well as Roger Pate, David Holdsworth, and the USEA Defendants.[5]  In an order dated January 21, 2009, the district court dismissed all of Plaintiff's claims against Mr. Holdsworth and Mr. Pate.[6]

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is reviewed under the same standard for a motion to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting

---

[4]  *See* docket no. 1.

[5]  *See* docket no. 2.

[6]  *See* docket no. 41.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

 In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

### I.  Plaintiff's Motion to Approve Filing of Documents

 On March 23, 2009, approximately two days after she filed her memorandum in opposition to the USEA Defendants' motion for judgment on the pleadings, Plaintiff filed a motion entitled,

"Motion for Approval on Issues In Question Request [sic]."[7]  In that motion, Plaintiff requests that the court accept the filing of her opposition memorandum.  Plaintiff's motion appears to be based on her belief that her opposition memorandum was not filed in a timely fashion.  Based on the court's review of the docket, however, it appears that Plaintiff's opposition memorandum was indeed filed in a timely fashion.  Nevertheless, the court believes that Plaintiff's motion should be granted to provide her with "validation . . . that the filing was indeed accepted."[8]  The court will consider Plaintiff's opposition memorandum in the following analysis of the USEA Defendants' motion for judgment on the pleadings.

## II.  USEA Defendants' Motion for Judgment on the Pleadings

Based on a liberal reading of Plaintiff's complaint, she asserts claims against the USEA Defendants under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and 42 U.S.C. §§ 1983 and 1985.

### A.  ADEA, Title VII, and ADA Claims

The ADEA, Title VII, and the ADA make it unlawful for an employer to discriminate against any employee because of that employee's protected status.  *See* 29 U.S.C. § 623(a); 42 U.S.C. §§ 2000e-2(a), 12111(2), 12112(a).  Under the plain language of the relevant statutory provisions, it is well settled that only *employers* can be subject to liability under the ADEA, Title VII, or the ADA.  *See* 29 U.S.C. § 623(a); 42 U.S.C. §§ 2000e-2(a), 12111(2), 12112(a).

---

[7]  Docket no. 58 at 1.

[8]  *Id*. at 2.

The USEA Defendants assert that they are not Plaintiff's employers.  While Plaintiff does include additional factual allegations surrounding her alleged injuries in her memorandum in opposition to the USEA Defendants' motion, she does not dispute that assertion.[9]  Accordingly, Plaintiff's claims against the USEA Defendants under the ADEA, Title VII, and the ADA should be dismissed.

### B.  Claims Under Section 1983 and Section 1985

Under rule 8 of the Federal Rules of Civil Procedure, a complaint must allege sufficient facts "to give the defendant fair notice of what the claim is and the grounds on which it rests."  *Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 922 (10th Cir. 1992).  In addition, and as noted previously,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. . . . Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

The USEA Defendants argue that to the extent Plaintiff has asserted claims against them under § 1983 and § 1985, it is nearly impossible to decipher what allegations are being made against the USEA Defendants and even more difficult to understand how these allegations would support a

---

[9] *See* docket no. 56 at 2.

claim for relief.  Those observations notwithstanding, the USEA Defendants have attempted to decipher Plaintiff's § 1983 and § 1985 claims.

### 1.  Section 1983 Claims

In order to state claims under § 1983, Plaintiff must establish that her constitutional rights were violated and that the alleged violation occurred under color of state law.  *See* 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  As a general rule, "a person acts under color of state law if he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (quotations and citations omitted).

The USEA Defendants argue that they were not given power or authority under state law and, therefore, are not state actors.  The court agrees.  According to the USEA Defendants' allegations, the USEA is a Utah nonprofit organization, and Mr. Leonard is an attorney employed by the USEA.  As such, the USEA Defendants were not state actors for purposes of § 1983.

The Tenth Circuit Court of Appeals has also recognized that in some cases, a non-state actor can be held liable for civil rights violations under § 1983 if he or she conspired with a state actor in committing those violations.  *See, e.g.*, *Crabtree v. Muchmore*, 904 F.2d 1475, 1480 (10th Cir. 1990).  However, in such cases, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."  *Id*. at 1480-81 (quotations and citations omitted).  A plaintiff's failure to allege sufficient facts to show agreement and concerted action should result in dismissal of the action.  *See id*. at 1481.  Further, the court reiterates that in reviewing a plaintiff's allegations, the court need

accept as true only her well-pleaded factual contentions, not her conclusory allegations.  *See*

*Bellmon*, 935 F.2d at 1110.

The USEA Defendants argue that Plaintiff's allegations of conspiracy are conclusory and fail

to show agreement and concerted action on the part of the USEA Defendants.  The court agrees.

Although Plaintiff's allegations employ the word "conspiracy," they are merely conclusory

allegations indicating Plaintiff's belief that some sort of conspiracy exists.  Plaintiff has not included

well-pleaded factual allegations to indicate that there was agreement and concerted action.  As the

district court recognized when dismissing Plaintiff's claims against Mr. Holdsworth, when Plaintiff

makes conclusory allegations of a conspiracy and fails to allege sufficient facts to indicate that there

was agreement and concerted action, she fails to state a claim for a § 1983 conspiracy.[10]

For these reasons, to the extent Plaintiff asserts any § 1983 claims against the USEA

Defendants, those claims should be dismissed.

## 2.  Section 1985 Claims

In order to state a claim for a violation of § 1985, a plaintiff must allege facts sufficient to

demonstrate:  (1) that a conspiracy existed, (2) the conspiracy deprived plaintiff of equal protection

or equal privileges and immunities, (3) an act in furtherance of the conspiracy, and (4) an injury or

deprivation resulting from the conspiracy.  *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.

1993).

The USEA Defendants correctly argue that Plaintiff has failed to include any well-pleaded

allegations demonstrating that a conspiracy existed and that the USEA Defendants were involved in

---

[10]  *See* docket no. 41 at 2-3.

that conspiracy.  As noted in the discussion of Plaintiff's § 1983 claims, Plaintiff's allegations of the

existence of a conspiracy are conclusory in nature and fail to allege sufficient facts to indicate

agreement and concerted action on the part of the USEA Defendants.  Accordingly, Plaintiff's

§ 1985 claim against the USEA Defendants should be dismissed.

Based on the foregoing, the court concludes that the USEA Defendants' motion for

judgment on the pleadings should be granted.

### III.  Plaintiff's Request for Leave to Amend

In her memorandum in opposition to the USEA Defendants' motion for judgment on the

pleadings, Plaintiff asks the court to provide her with leave to amend her complaint in the event the

court determines that the motion should be granted.  Plaintiff's request for leave to amend her

complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P.

15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice

so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, even under this

liberal standard, "the district court may deny leave to amend where amendment would be futile.  A

proposed amendment is futile if the complaint, as amended, would be subject to dismissal."

*Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

While Plaintiff has provided additional factual allegations in her memorandum in opposition

to the USEA Defendants' motion, those additional allegations do not have any effect on the court's

overall conclusion with respect to the USEA Defendants' motion for judgment on the pleadings.

Therefore, even if the court were to allow Plaintiff to amend her complaint to include those

additional allegations, it would still be subject to dismissal and, consequently, providing Plaintiff

9

with leave to amend would be futile.  *See id.*  Accordingly, Plaintiff's request for leave to amend her

complaint should be denied.

**CONCLUSION AND RECOMMENDATION**

In summary, **IT IS HEREBY RECOMMENDED:**

1.     Plaintiff's motion to accept the filing of certain documents[11] be **GRANTED**.

2.     The USEA Defendants' motion for judgment on the pleadings[12] be **GRANTED**.

3.     Plaintiff's request for leave to amend her complaint should be **DENIED**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.  *See* 28 U.S.C. § 636(b)(1)(C).  The parties must file any objection

to this Report and Recommendation within ten (10) days after receiving it.  *See id.*  Failure to object

may constitute waiver of objections upon subsequent review.

DATED this 9th day of September, 2009.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

---

[11]  *See* docket no. 58.

[12]  *See* docket no. 44.

10
