IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>        Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:08-cv-362-CW-PMW<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

      Before the court are two motions filed by Susan Catlin ("Plaintiff") relating to prior orders of this court. The court has carefully reviewed the parties' written submissions on those motions and concluded that oral argument is not necessary. See DUCivR 7-1(f). The court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe her pleadings and other submissions liberally. See, e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

      On January 21, 2009, this court issued an order (the "January 21 Order") granting motions to dismiss brought by Defendants David Holdsworth and Roger Pate (Dkt. No. 41). While the January 21 Order dismissed Plaintiff's claims against Mr. Holdsworth and Mr. Pate, it had no effect on Plaintiff's claims against the remaining named defendants.

      On February 21, 2009, Plaintiff filed a motion for an extension of time to appeal the January 21 Order. In an order dated March 13, 2009 (the "March 13 Order"), this court relied on

well-settled authority in concluding that the January 21 Order does not qualify as a final decision under 28 U.S.C. § 1291 and, therefore, is not appealable (Dkt. No. 55).  See 28 U.S.C. § 1291; Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1541 (10th Cir. 1996); D&H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1444 (10th Cir. 1984).  The court also concluded that even when Plaintiff's motion was liberally construed as a request to certify the January 21 Order under rule 54(b) of the Federal Rules of Civil Procedure, it would be improper to make such a certification.  For those reasons, the court denied Plaintiff's motion for an extension of time to appeal the January 21 Order.

In the two motions currently before the court, Plaintiff asks the court to reconsider and further explain both the January 21 Order and the March 13 Order.  Plaintiff's first motion is entitled, "Motion to Request a Clearer Understanding of the Memorandum Decision By Judge Waddoups No. II (Appeal)" (Dkt. No. 57).  In that motion, Plaintiff appears to ask the court to reconsider both the January 21 Order and the March 13 Order.  Plaintiff also asks the court to provide further explanation and clarification of those two orders.  Plaintiff's second motion is entitled, "Plaintiff's Motion for Reconsideration of the Court's Decision to Dismiss Defendant Holdsworth" (Dkt. No. 66).  That motion asks the court to reconsider the January 21 Order.

The court will first address Plaintiff's request for further explanation and clarification of the January 21 Order and the March 13 Order.  The court has reviewed both orders and concludes that they contain sufficient reasoning, are based on well-settled legal authority, and are sufficiently clear.  In short, the court believes that the orders speak for themselves and that no further explanation or clarification is warranted.  Although Plaintiff appears to believe that her

request seeks only clarification, the court believes that any further explanation or clarification of its orders would place the court in the position of advocating for Plaintiff.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant").

The court turns next to Plaintiff's request for reconsideration of the January 21 Order and the March 13 Order.  Neither one of those orders is a final order or judgment.  See 28 U.S.C. § 1291; Harolds Stores, Inc., 82 F.3d at 1541; D&H Marketers, Inc., 744 F.2d at 1444.  In addition, neither one of those orders has been certified as final and appealable under rule 54(b) of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's request for reconsideration of those orders is interlocutory in nature and "invok[es] the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  Consequently the court is not bound by the stricter standards applicable to motions for reconsideration that are treated as motions under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  See Trujillo v. Board of Educ. of Albuquerque Pub. Sch., 212 Fed. Appx. 760, 765 (10th Cir. 2007) (unpublished).

After reviewing Plaintiff's written submissions on her request for reconsideration, the court concludes that she has failed to provide a valid basis, either legally or factually, for this court to reconsider the rulings contained within either the January 21 Order or the March 13 Order.

As a final matter, the court reiterates that, as a general proposition, Plaintiff's time to appeal any of the rulings in this case, including those contained in either the January 21 Order or

the March 13 Order, will not begin to run until the court has fully resolved <u>all</u> of her claims for relief against <u>all parties</u>.  See 28 U.S.C. § 1291; <u>Harolds Stores, Inc.</u>, 82 F.3d at 1541; <u>D&H Marketers, Inc.</u>, 744 F.2d at 1444.

Based upon the foregoing, Plaintiff's motions for reconsideration and for further explanation and clarification (Dkt. Nos. 57, 66) are DENIED.

DATED this 17th day of September, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge