IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>            Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-362-CW-PMW<br><br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

Before the court are Susan Catlin's ("Plaintiff") objections to the portion of Magistrate Judge Paul M. Warner's October 15, 2009 order granting Utah School Employees Association and Geoffrey W. Leonard's (collectively, "USEA Defendants") motion for a protective order.[1] Plaintiff also filed a memorandum in opposition to the USEA Defendants' motion for a protective order after that motion had already been granted.[2] Because Plaintiff is proceeding pro se in this case, the court will consider both documents as her objections to Judge Warner's order. See, e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003) (providing that pro se parties' pleadings should be construed liberally).

---

[1] See docket no. 109.

[2] See docket no. 105.

This case was referred to Judge Warner under 28 U.S.C. § 636(b)(1)(B) and rule 72(b) of the Federal Rules of Civil Procedure.[3] Under that type of referral, a magistrate judge is provided with the authority to issue a report and recommendation on any of the dispositive matters listed in 28 U.S.C. § 636(b)(1)(A), as well as the authority to rule upon any nondispositive pretrial matters. See DUCivR 72-2(c) (providing that "[o]n order of reference and under the provisions of [rule] 72(b), . . . [m]agistrate judges may determine any preliminary matter" (emphasis added)); see also, e.g., Doe v. Nevada Crossing, Inc., 920 F. Supp. 164, 165 (D. Utah 1996) ("Under the rules of this court[,] a matter referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) also includes all matters properly considered under 28 U.S.C. § 636(b)(1)(A).").

Because Judge Warner's ruling on the USEA Defendants' motion for a protective order is a nondispositive matter, Plaintiff is allowed to object to that ruling under rule 72(a). See Fed. R. Civ. P. 72(a). When a party files objections to a magistrate judge's nondispositive order, the district judge should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. Under that standard, the district judge should affirm the order unless all of the evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quotations and citation omitted).

After carefully reviewing and considering Plaintiff's objections, as well as Judge Warner's October 15, 2009 order, the court concludes that Plaintiff has failed to demonstrate that

---

[3] See docket no. 42.

any of the rulings in that order are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, and for the same reasons set forth in the order, Plaintiff's objections[4] are OVERRULED and the order is AFFIRMED.

DATED this 23rd day of November, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

---

[4] See docket nos. 105, 109.