# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>       Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-362-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

Now before the court are Plaintiff Susan Catlin's motion to appoint counsel (Dkt. No. 113) and her motion for an extension of time to object to Magistrate Judge Paul M. Warner's Report (Dkt. No. 115).

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

Considering the requirement that Ms. Catlin be unable to afford counsel, the court notes Ms. Catlin's filings and finds that she is unable to afford counsel. Turning to the other factors, the court finds as follows. First, the merits of Ms. Catlin's claims are unclear at this point, and the court believes that the viability of her claims will come into sharper focus once an attorney is appointed. Next, the scope of the facts involved in this case is not clear at this point, though the facts are potentially complicated. Third, Ms. Catlin is clearly having great difficulty presenting her case and would greatly benefit from legal representation. Finally, the civil rights aspect of Ms. Catlin's case can be quite complicated. Based on these findings, the court GRANTS Ms. Catlin's motion to appoint *pro bono* counsel. *Pro bono* counsel should confer with Ms. Catlin and investigate the merits of the claims she is asserting. Should *pro bono* counsel conclude that her claims are without merit or that Ms. Catlin refuses to follow counsel's advice, counsel may ask to withdraw from further representation of Ms. Catlin.

Turning to Ms. Catlin's motion for an extension to object to the report and recommendation, the court notes that this motion was made to allow Ms. Catlin time to consult with counsel on that issue. That motion is therefore GRANTED.

**IT IS SO ORDERED**.

DATED this 30th day of December, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge