IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-362-CW-PMW<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

Before the court are Susan Catlin's ("Plaintiff") motion for leave to amend her complaint[1] and "Motion for Extension to Submit [a] Rough Draft" of her proposed amended complaint.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motions is not necessary. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff's motion for leave to amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give

---

[1] *See* docket no. 132.

[2] *See* docket no. 137

leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

> If the delay in amending results in prejudice to the opposing party, denial of the motion is justified. Furthermore, courts have decided such motions on the basis of the reasons given for the delay. Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.

*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (citations omitted). In addition, a motion for leave to amend is properly denied "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (quotations and citations omitted).

For the following reasons, the court has determined that Plaintiff will not be allowed leave to amend her complaint. First, the court concludes that there has been undue delay in bringing the motion. Plaintiff's original complaint was filed over two years ago, on May 6,

2008.[3] This case has progressed significantly since that date. Several of the named defendants have already been dismissed, and the Magistrate Judge to whom this case has been referred[4] issued a Report and Recommendation over one year ago recommending that a motion for judgment on the pleadings brought by several other defendants be granted.[5] Allowing Plaintiff to amend her complaint at this stage of the case would disrupt all of those proceedings. In addition, Plaintiff's proposed amendment is not based on some new factual development. To the contrary, it appears that Plaintiff was well aware of the facts underlying her proposed amendment at the outset of this case. *See Gates Learjet Corp.*, 823 F.2d at 387.

Second, the court concludes that allowing Plaintiff to amend at this stage of the case would cause undue prejudice to the opposing parties. As indicated above, several defendants have already been dismissed from the case, and there is a pending recommendation that several other defendants be dismissed. Those defendants have expended significant time and resources defending against Plaintiff's complaint. Requiring them to relitigate their defenses, after already having done so, would impose undue prejudice.

Finally, the court has determined that Plaintiff "is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (quotations and citations omitted). As previously noted, Plaintiff was well aware of the relevant facts at the

---

[3] *See* docket no. 1.

[4] *See* docket no. 42.

[5] *See* docket no. 86.

outset of this case. As such, all of the claims Plaintiff seeks to bring in her proposed amendment appear to be claims that she could have asserted, or sought leave to assert, long ago. Further, as previously indicated, the claims in Plaintiff's proposed amendment are not based on new factual developments. Instead, Plaintiff appears to be attempting to now assert those claims as a reaction to pleadings from opposing parties or court rulings.

For these reasons, Plaintiff's motion for leave to amend her complaint is denied. Based on that ruling, there is no need for Plaintiff to submit a proposed amended complaint. Accordingly, Plaintiff's "Motion for Extension to Submit [a] Rough Draft" of her proposed amended complaint has been rendered moot.

Having resolved Plaintiff's motion for leave to amend, the court must now set a deadline for Plaintiff to file any objections to the Report and Recommendation issued on September 9, 2009. Plaintiff must file said objections on or before October 29, 2010. Given the amount of time that the September 9, 2009 Report and Recommendation has been pending, as well as the numerous extensions of time the court has provided to Plaintiff, the court will not provide any further extensions of that deadline.

As a final matter, the court notes that while Plaintiff has been given liberal treatment as a pro se litigant, that "liberal treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). This court has been more than lenient with Plaintiff throughout this case, including the provision of repeated time extensions and an attempt by the court to appoint pro bono counsel to assist her. While the court will continue to construe Plaintiff's pleadings and other submissions liberally, she will be expected to comply strictly with the requirements of the

Federal Rules of Civil Procedure and this court's Rules of Practice.[6] *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotations and citations omitted)).

In summary, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to amend her complaint[7] is DENIED.

2. Plaintiff's "Motion for Extension to Submit [a] Rough Draft" of her proposed amended complaint[8] has been rendered MOOT.

3. Plaintiff shall submit any objections to the September 9, 2009 Report and Recommendation on or before October 29, 2010. The court will not provide any further extensions of that deadline.

DATED this 13th day of October, 2010.

BY THE COURT:

*[signature]*

CLARK WADDOUPS
United States District Judge

---

[6] The Rules of Practice for the United States District Court for the District of Utah can be found online at http://www.utd.uscourts.gov/documents/09rules.html.

[7] *See* docket no. 132.

[8] *See* docket no. 137

5