**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **SUSAN CATLIN,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:08-cv-362-CW-PMW** |
| **SALT LAKE CITY SCHOOL DISTRICT, et al.,** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Plaintiff Susan Catlin's ("Plaintiff") motion for leave to file a supplemental pleading,[2] Defendant Salt Lake City School District's ("SLCSD") motion for partial judgment on the pleadings,[3] and Defendant McKell Withers's ("Withers") motion for judgment on the pleadings.[4] The court has carefully reviewed the parties' written submissions on the above-referenced motions. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded

---

[1] *See* docket no. 42.

[2] *See* docket no. 245.

[3] *See* docket no. 188.

[4] *See* docket no. 190.

that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiff is employed by SLCSD in an auxiliary staff position.  In approximately May 2004, the SLCSD changed its pay scale for auxiliary staff.  According to Plaintiff, that change was made in order to resolve the wage disparity between white employees and employees of other races.  Plaintiff alleges that this change constituted reverse race discrimination and was not made in accordance with SLCSD policies and procedures.  Plaintiff also alleges that the new pay scale constitutes age and sex discrimination because it discriminates against women over the age of forty.

After the effective date of the change in pay in 2005, Plaintiff filed an internal grievance with the SLCSD.  Plaintiff spoke with a Utah School Employees Association ("USEA") Labor Relations Representative about her grievance.  Later, Plaintiff discussed her grievance with Geoffrey W. Leonard ("Leonard"), the USEA staff attorney, who agreed to represent Plaintiff with her grievance.  Plaintiff alleges that as a result of filing her grievance, the SLCSD further discriminated against her by reducing her hours in an attempt to make her ineligible for health insurance.

In approximately February 2007, Plaintiff filed various discrimination charges with the Equal Employment Opportunity Commission ("EEOC"), contrary to Leonard's advice and without his knowledge.  As a result of those filings, Leonard terminated his representation of Plaintiff.  Thereafter, Plaintiff hired a private attorney to assist her with pursuing her EEOC charges.  On or about February 8, 2008, Plaintiff received a notice of right to sue letter from the EEOC.  On May 6, 2008, she filed the original complaint in this action against the SLCSD and Withers.[5]  On August 27, 2008, Plaintiff filed an amended complaint, which named the defendants in her original complaint, as well as Roger Pate ("Pate"), David Holdsworth ("Holdsworth"), USEA, and Leonard.[6]

In an order dated January 21, 2009, the district court dismissed all of Plaintiff's claims against Holdsworth and Pate.[7]  On September 9, 2009, this court issued a report and recommendation in which it was recommended that a motion for judgment on the pleadings brought by USEA and Leonard be granted.[8]  In a memorandum decision and order dated September 6, 2011, Judge Waddoups approved and adopted that report and recommendation and granted the motion for judgment on the pleadings brought by USEA and Leonard.[9]  As a result of all of those rulings, only SLCSD and Withers remain as defendants in this case.

---

[5]  *See* docket no. 1.

[6]  *See* docket no. 2.

[7]  *See* docket no. 41.

[8]  *See* docket no. 86.

[9]  *See* docket no. 159.

## ANALYSIS

Before reaching the substance of the motions before the court, the court will discuss certain standards that are applicable to pro se litigants.  In analyzing the above-referenced motions, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

As noted above, the motions before the court are Plaintiff's motion for leave to supplement her pleadings, SLCSD's motion for partial judgment on the pleadings, and Withers's

4

motion for judgment on the pleadings.  The court will address Plaintiff's motion for leave to supplement her pleadings, then the court will address the motions for judgment on the pleadings.

### I.  Plaintiff's Motion for Leave to File a Supplemental Pleading

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences[,] or events."  *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

"As a general matter, the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend."  *Fowler v. Hodge*, 94 Fed. App'x 710, 714 (10th Cir. 2004) (quotations and citation omitted).  Under that standard, which is contained in rule 15(a)(2) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Soon after filing this motion, Plaintiff submitted an exhibit that consisted of a twenty-page narrative of the facts of her case and several attachments.[10]  That submission was styled as a "Supplemental Pleading."[11]  Later, Plaintiff submitted another exhibit that was styled as an amended complaint.[12]  As such, it is unclear to the court whether Plaintiff is seeking leave to file a supplemental pleading or if she is seeking leave to file an amended complaint.  Because the standard for motions for leave to file a supplemental pleading is the same applied to motions for leave to amend, the court need not make a determination on that issue.  The court will consider both of Plaintiff's exhibits to determine whether she should be provided with leave to file either a supplemental pleading or an amended complaint.

For two reasons, the court concludes that Plaintiff's motion should be denied.  First, the court concludes that SLCSD and Withers will be unduly prejudiced by Plaintiff's supplementation/amendment.  *See U.S. West, Inc.*, 3 F.3d at 1365 (providing that leave to amend can be refused "upon a showing of . . . undue prejudice to the opposing party").  The fact and expert discovery deadlines passed on May 18, 2012.[13]  Plaintiff filed her motion well after the expiration of those dates.  Defendants will be prejudiced if Plaintiff is allowed to assert new claims because their opportunity to conduct discovery on those claims has passed.

---

[10]  *See* docket no. 249.

[11]  *Id*. at 2.

[12]  *See* docket no. 266.

[13]  *See* docket no. 194.

6

Second, it does not seem plausible that Plaintiff recently discovered new allegations when discovery ended nearly four months prior to the filing of her motion.  Even putting that aside, Plaintiff's narrative and proposed amended complaint do not contain recently discovered allegations.  To the contrary, the factual allegations in those two submissions all predate the filing of her original complaint.  Accordingly, any new allegations contained in her supplemental pleading and her proposed amended complaint could have been asserted by Plaintiff in her previously filed complaints.  Plaintiff's excessive delay in seeking to add any new allegations is another reason to support the denial of her motion.  *See id*. (providing that leave to amend can be refused "upon a showing of undue delay" and that "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend").

For these reasons, the court concludes that Plaintiff's motion for leave to file a supplemental pleading should be denied.

## II.  Motions for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is reviewed under the same standard for a motion to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether

7

they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief

above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007)) (other quotations and citation omitted) (second and third alterations in original).

### A.  SLCSD's Motion for Partial Judgment on the Pleadings

In this motion, SLCSD argues that the following claims against it should be dismissed:

(1) punitive damages, (2) race discrimination, (3) Equal Pay Act, and (4) obstruction of justice

and fraud.[14]

### 1.  Punitive Damages

SLCSD argues that Plaintiff's claim for punitive damages must be dismissed.  The court

agrees.  Pursuant to 42 U.S.C. § 1981a(b)(1), punitive damages cannot be recovered against a

"government, government agency or political subdivision."  42 U.S.C. § 1981a(b)(1).  In

addition, the Governmental Immunity Act of Utah ("GIAU") provides that "[a] judgment may

not be rendered against a governmental entity for exemplary or punitive damages."  Utah Code

§ 63G-7-603(1)(a).  The GIAU includes school districts in the definition of a governmental

entity.  *See* Utah Code § 63G-7-102(3) ("'Governmental entity' means the state and its political

subdivisions as both are defined in this section."); 63G-7-102(7) (including any school district in

the definition of a political subdivision).

---

[14]  In its memorandum in support of its motion for judgment on the pleadings, SLCSD argued that Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA") and Title VII should also be dismissed.  SLCSD withdrew those arguments in its reply memorandum. Accordingly, the court will not address them here.

The Supreme Court has held that a "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Furthermore, the Tenth Circuit has held that "[b]oth 42 U.S.C. § 1983 and Utah law bar punitive damage awards against municipal agencies such as [a school district]." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003).

For these reasons, Plaintiff cannot recover punitive damages against SLCSD, and her claim for punitive damages should be dismissed with prejudice.

### 2.  Race Discrimination

SLCSD asserts that Plaintiff's claim for reverse race discrimination under Title VII must be dismissed because Plaintiff failed to exhaust her administrative remedies.  "[E]xhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Duncan v. Manager, Dept. of Safety, City and Cty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) ("A Title VII plaintiff must exhaust administrative remedies for each individual discriminatory or retaliatory act." (quotations and citation omitted)). In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court abrogated the continuing violation theory and made clear that in order to exhaust administrative remedies in a Title VII case, a plaintiff must file an administrative charge of discrimination for each discrete act of alleged discrimination.  *See id*. at 114 (providing that, under Title VII, each discrete act of discrimination "constitutes a separate actionable unlawful 'employment practice'"); *see also Martinez v. Potter*, 347 F.3d 1208, 1201 (10th Cir. 2003) (providing that each discrete employment action constitutes its own "'unlawful employment practice'" for which

9

administrative remedies must be exhausted).  Accordingly, to have successfully exhausted her administrative remedies, Plaintiff must show that she filed a charge with the EEOC for each discrete incident of discrimination she asserts as the basis for her Title VII claims.  *See Duncan*, 397 F.3d at 1314 ("A Title VII plaintiff must exhaust administrative remedies for each individual discriminatory or retaliatory act." (quotations and citation omitted)).

Here, Plaintiff filed a charge of discrimination with the EEOC dated February 28, 2007.[15] In that charge of discrimination, Plaintiff left the box for "Race" blank and failed to mention race in her narrative.  Plaintiff has thus failed to meet the prerequisite for bringing a race discrimination claim, which divests this court of jurisdiction and bars that claim.  Plaintiff is not allowed to bring allegations that fall outside the ambit of her EEOC charge and her cause of action for reverse race discrimination under Title VII should be dismissed with prejudice.

### 3.  Equal Pay Act

SLCSD contends that Plaintiff's Equal Pay Act claim should be dismissed.  The court agrees.  To establish a *prima facie* case under the Equal Pay Act, Plaintiff

> has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances.

*Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997) (quotations and citations omitted).

---

[15]  *See* docket no. 182, Exhibit C.

In this case, Plaintiff's Equal Pay Act claim is premised on the allegation that Plaintiff

was working as an instructor but SLCSD paid her less than other instructors and coordinators,

but Plaintiff has failed to include any gender component in that allegation.  As such, Plaintiff

fails to state a claim under the Equal Pay Act, which abolishes wage disparity based on gender.

*See* 29 U.S.C. § 206(d)(1).  Accordingly, the court concludes that Plaintiff's Equal Pay Act claim

should be dismissed with prejudice.

### 4.  Obstruction of Justice and Fraud

Finally, SLCSD argues that Plaintiff's claim for obstruction of justice and fraud should be

dismissed.  The court agrees.

Plaintiff's claim for obstruction of justice must fail because Utah does not recognize that

private right of action.  *See Cline v. State Div. of Child and Family Servs*., 142 P.3d 127, 137

(Utah Ct. App. 2005) (declining to recognize a private right of action for obstruction of justice).

Plaintiff's fraud claim should be dismissed because Plaintiff failed to file a notice of

claim under the GIAU alleging fraud.  The GIAU provides that "[a]ny person having a claim

against a governmental entity . . . shall file a written notice of claim with the entity before

maintaining an action."  Utah Code § 63G-7-401(2).  The notice must specifically state, among

other things, "the nature of the claim asserted."  *Id*. § 63G-7-401(3)(a)(ii).  The Utah Supreme

Court has stated this provision requires "enough specificity in the notice to inform as to the

nature of the claim so that the defendant can appraise its potential liability."  *Houghton v. Dep't

of Health*, 125 P.3d 860, 867 (Utah 2005) (quotations and citation omitted).  The Utah Supreme

Court has also stated,

> We have consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the [GIAU] are strictly followed . . . .
>
> The purpose of our statute is very clear, which is to require every claimant to clearly state all of the elements of his claim to the [governmental entity] for allowance as a condition precedent to his right to sue the [entity] and recover damages in an ordinary action.

*Hall v. State Dep't of Corr.*, 24 P.3d 958, 965 (Utah 2001).

Here, Plaintiff has not satisfied the jurisdictional prerequisite for bringing a fraud claim. Plaintiff filed a notice of claim both on May 1, 2006, and September 4, 2007.[16]  Neither notice of claim makes any mention of fraud or alleges any actions resembling fraud.  Accordingly, those notices were insufficient to preserve Plaintiff's fraud claim.  Furthermore, this defect cannot now be cured because a notice of claim must be filed "within one year after the claim arises."  Utah Code § 63G-7-402.

For these reasons, Plaintiff's claims for obstruction of justice and fraud should be dismissed with prejudice.

## 5.  Conclusion

Based on the foregoing, the court concludes that SLCSD's motion for partial judgment on the pleadings should be granted.  Accordingly, Plaintiff's punitive damages claim, race discrimination claim, Equal Pay Act claim, and fraud and obstruction of justice claims should be dismissed with prejudice.

---

[16]  *See* docket no. 182, Exhibits D-E.

12

### B. Withers's Motion for Judgment on the Pleadings

In this motion, Withers argues that the following claims against him should be dismissed: (1) breach of contract, (2) Title VII, (3) Equal Pay Act and ADEA, (4) 42 U.S.C. § 1983, and (5) obstruction of justice and fraud.

### 1. Breach of Contract

Plaintiff's breach of contract contract claim is premised upon SLCSD's purported promise to pay for Plaintiff's tuition and books and SLCSD's alleged failure to follow its own policies and procedures. Withers argues that he was not a party to any contract with Plaintiff.

"As a general rule, none is liable upon a contract except those who are parties to it." *Shire Dev. v. Frontier Invs.*, 799 P.2d 221, 223 (Utah Ct. App. 1990) (quotations and citations omitted); *see also Walker Bank & Trust Co. v. First Sec. Corp.*, 341 P.2d 944, 945 (Utah 1959) (recognizing that privity of contract is a prerequisite to holding one liable for breach of contract). Plaintiff's complaint fails to allege that Withers was a party to any contract. Withers cannot be liable for any alleged breach of a contract to which he was not a party. Accordingly, Plaintiff's claim for breach of contract against Withers should be dismissed with prejudice.

### 2. Title VII

Withers argues that he is not an "employer" within the meaning of Title VII and, as such, Plaintiff's Title VII claims against him should be dismissed. The court agrees.

42 U.S.C. § 2000e(b) defines "'employer'" as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). The Tenth Circuit has explained that "[t]he relief granted under Title VII is against the *employer*, not individual

13

employees whose actions would constitute a violation of" Title VII. *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quotations and citation omitted). Subseqently, in *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996), the Tenth Circuit reiterated the holding from *Sauers*, stating that "we continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII." *Id.* at 901.

In this case, Plaintiff's "employer" was SLCSD, not Withers. Therefore, there is no basis for a Title VII lawsuit against Withers in his personal capacity. Moreover, because SLCSD is also a defendant, it is redundant and unnecessary to bring an official capacity claim against Withers. The *Sauers* court explained that "[w]e think the proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly." *Sauers*, 1 F.3d at 1125 (quotations and citations omitted) (emphasis added). Since SLCSD can be held liable for violations of Title VII, it is meaningless to keep Withers in this lawsuit as SLCSD's alter-ego. Accordingly, the second (Title VII Race Discrimination),[17] third (Title VII Retaliation) and seventh (Title VII Retaliation) causes of action against Withers should be dismissed with prejudice.

---

[17] Withers also joins SLCSD's argument that Plaintiff's Title VII race discrimination claim should be dismissed with prejudice for failure to exhaust administrative remedies. Above, the court concluded that SLCSD's argument on that point was well taken. That conclusion applies with equal weight to Withers and presents an alternative ground for dismissal of Plaintiff's Title VII race discrimination claim against Withers.

### 3.  Equal Pay Act and ADEA

Withers joins in SLCSD's argument that Plaintiff's Equal Pay Act claim should be dismissed.  Above, the court concluded that Plaintiff failed to state a claim under the Equal Pay Act against SLCSD.  For the same reasons set forth above, that conclusion also applies to Withers.  Accordingly, Plaintiff's Equal Pay Act claim against Withers should be dismissed with prejudice.

As for Plaintiff's ADEA claim against Withers, Withers argues that claim should be dismissed because individual capacity lawsuits are not appropriate under the ADEA.  The court agrees.  *See Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) (citing multiple cases for the proposition that a supervisor cannot be sued in his or her individual capacity under the ADEA).  Accordingly, that claim should be dismissed with prejudice.

### 4.  42 U.S.C. § 1983

Withers argues that Plaintiff's § 1983 claims against him, both in his official capacity and individual capacity, should be dismissed with prejudice.

### a.  Official Capacity

Withers asserts that Plaintiff's official capacity § 1983 claim against Withers is redundant.  "Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quotations and citation omitted).  In analyzing the distinctions between individual and official capacity claims, the *Graham* Court stated, "[t]here is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly

15

for damages and injunctive or declaratory relief." *Id*. at 167.  The *Graham* Court thus

acknowledged, in dicta, that an official capacity lawsuit is unnecessary when the entity itself has

already been named.

In this case, SLCSD has been named as the real party in interest, and there is no need

to bring an additional official capacity claim against any individuals.  For that reason, Plaintiff's

official capacity § 1983 claim against Withers should be dismissed with prejudice.

### b.  Individual Capacity

Withers maintains that Plaintiff's individual capacity § 1983 claim fails because Withers

is entitled to qualified immunity.  The qualified immunity defense protects public officials

performing discretionary functions "insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow v.

Fitzgerald*, 457 U.S. 800, 818 (1982).  Because qualified immunity is a rebuttable presumption,

once it is raised, it is Plaintiff's burden to show that Withers is not immune.  *See Green v. Post*,

574 F.3d 1294, 1300 (10th Cir. 2009).  To defeat qualified immunity, Plaintiff must show that

Withers's conduct violated a constitutional right and that the right infringed upon was "clearly

established" at the time of the alleged violation.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001);

*Post*, 574 F.3d at 1300.  Although Plaintiff must ultimately establish both elements, this court has

discretion to consider the prongs of the test in any order.  *See Pearson v. Callahan*, 555 U.S. 223,

236 (2009); *Post*, 574 F.3d at 1299.

Based on Plaintiff's amended complaint, Plaintiff cannot state a claim against Withers for

violation of her constitutional rights.  "Individual liability under § 1983 must be based on

personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416,

1423 (10th Cir. 1997). There must be an "affirmative link" between the alleged constitutional

violation and an individual defendant's action or inaction. *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court evaluated a

claim brought under § 1983 and determined that "[b]ecause vicarious liability is inapplicable to

. . . § 1983 suits, the plaintiff in a [§ 1983 suit] must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Id*. at

676. Thus, under *Iqbal*, to sustain her claim, Plaintiff must plead sufficient facts to show that

Withers personally violated her constitutional rights.

Plaintiff's amended complaint fails to satisfy the exacting pleading standards required by

*Iqbal*. Several of her allegations--that Withers reduced Plaintiff's wages; that Withers was acting

under color of law when SLCSD's new pay scale was implemented; and that Withers took away

Plaintiff's right to appeal her grievance--are conclusory and not entitled to a presumption of

truth. *See id*. at 679 ("[A] court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth.").

Plaintiff's factual allegations--that Withers never answered or spoke to Plaintiff about

Plaintiff's grievance--fail to implicate due process. In the context of this lawsuit, Plaintiff alleges

she was denied due process because her grievance with SLCSD was never resolved or

completed. But Plaintiff's allegations fail to show that Withers, through his own actions,

personally deprived Plaintiff of her grievance rights. Instead, Plaintiff alleges that SLCSD

17

deprived her of due process and Withers, as proxy for SLCSD, must also be held responsible. This is precisely the kind of allegation *Iqbal* disallows. *Iqbal* clearly recognized that there is no vicarious liability under § 1983. *See id*. at 676. Accordingly, in the absence of plausible factual allegations that Withers personally violated Plaintiff's due process rights, the personal capacity § 1983 claim should not proceed.

Even if Plaintiff could demonstrate a constitutional violation, she must also show that the law was "clearly established" at the time the alleged violations occurred. *See Saucier*, 533 U.S. at 201; *Post*, 574 F.3d at 1300. The law is "clearly established" if a reasonable official in the defendant's circumstances would understand that his conduct violated the plaintiff's constitutional right. *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006). Withers argues that in this case, to his knowledge, neither the United States Supreme Court, nor the Tenth Circuit Court of Appeals, nor other federal jurisdictions, have held that the superintendent of a school district must personally respond to or oversee an employee's grievance to ensure due process. The court agrees and concludes that Withers's alleged failure to personally correspond with Plaintiff about her grievance did not violate clearly established law at the time of the alleged violation.

For the foregoing reasons, Withers is entitled to qualified immunity with respect to Plaintiff's individual capacity § 1983 claim. Therefore, that claim should be dismissed with prejudice.

### 5.  Obstruction of Justice and Fraud

Finally, Withers argues that Plaintiff's claim for obstruction of justice and fraud should be dismissed.  The court agrees.

As the court concluded above, Plaintiff's claim for obstruction of justice must fail because Utah does not recognize that private right of action.  *See Cline*, 142 P.3d at 137.

The court also concluded above that Plaintiff's fraud claim against SLCSD should be dismissed because Plaintiff failed to file a notice of claim under the GIAU.  That conclusion applies equally to Withers.  Under the GIAU, a notice of claim must contain "the nature of the claim asserted" and, "if the claim is being pursued against a governmental employee individually . . . , the name of the employee."  Utah Code § 63G-7-401(3)(a)(ii), (iv).  The notice of claim must alert the recipient "that the claimant seeks to bring a cause of action against a government employee personally due to the employee's fraudulent or malicious conduct."  *Mecham v. Frazier*, 193 P.3d 630, 635 (Utah 2008).

In this case, Plaintiff served two notices of claim on SLCSD.  Neither of those notices mentions Withers by name or alleges fraud or willful misconduct.  For this court to have subject matter jurisdiction, Plaintiff must have filed a notice of claim alleging facts from which a fact finder could reasonably infer that Withers acted through fraud or willful misconduct.  *See Straley v. Halliday*, 997 P.2d 338, 341-42 (Utah Ct. App. 2000).  Plaintiff's failure to do so divests this court of jurisdiction, and the fraud claim against Withers should be dismissed with prejudice.

For these reasons, Plaintiff's claims for obstruction of justice and fraud should be dismissed with prejudice.

**6. Conclusion**

Based on the foregoing, the court concludes that Withers's motion for judgment on the pleadings should be granted. Accordingly, all of Plaintiff's claims against Withers should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1.      Plaintiff's motion for leave to file a supplemental pleading[18] be **DENIED**.

2.      SLCSD's motion for partial judgment on the pleadings[19] be **GRANTED**, and Plaintiff's punitive damages, race discrimination, Equal Pay Act, and fraud and obstruction of justice claims be **DISMISSED WITH PREJUDICE**.

3.      Withers's motion for judgment on the pleadings[20] be **GRANTED**, and all of Plaintiff's claims against Withers be **DISMISSED WITH PREJUDICE**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after

---

[18]   *See* docket no. 245.

[19]   *See* docket no. 188.

[20]   *See* docket no. 190.

receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute

waiver of objections upon subsequent review.

DATED this 25th day of January, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge