IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND OR CORRECT PLEADINGS<br><br>Case No. 2:08-cv-362-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

Before the court is Plaintiff's motion for leave to amend her complaint. (Dkt. No. 308.) Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motions is not necessary. *See* DUCivR 7-1(f). The court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings and other submissions liberally. *See, e.g., Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is

within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

> If the delay in amending results in prejudice to the opposing party, denial of the motion is justified. Furthermore, courts have decided such motions on the basis of the reasons given for the delay. Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.

*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (citations omitted). In addition, a motion for leave to amend is properly denied "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (quotations and citations omitted).

For the following reasons, the court has determined that Plaintiff will not be allowed leave to amend her complaint. First, the court concludes that there has been undue delay in bringing the motion. Plaintiff's original complaint was filed over five years ago, on May 6, 2008. (*See* Dkt. No. 1.) This case has progressed significantly since that date. Several of the named defendants have already been dismissed, and the Magistrate Judge to whom this case has

2

been referred (*see* Dkt. No. 42) issued a Report and Recommendation on January 25, 2013, recommending that a motion for judgment on the pleadings brought by several other defendants be granted and that Plaintiff's previously filed motion for leave to supplement her pleadings be denied. (*See* Dkt. No. 269.) Allowing Plaintiff to amend her complaint at this stage of the case would disrupt all of those proceedings. In addition, Plaintiff's proposed amendment is not based on some new factual development. To the contrary, it appears that Plaintiff was well aware of the facts underlying her proposed amendment at the outset of this case. *See Gates Learjet Corp.*, 823 F.2d at 387.

Second, the court concludes that allowing Plaintiff to amend at this stage of the case would cause undue prejudice to the opposing parties. As indicated above, several defendants have already been dismissed from the case, and there is a pending recommendation that other claims be dismissed with prejudice. The remaining defendants in this case have expended significant time and resources defending against Plaintiff's complaint. Requiring them to relitigate their defenses after already having done so, or litigate new defenses against any new claims, would impose undue prejudice. Furthermore, the discovery deadlines in this case expired in May 2012. Plaintiff filed her motion well after the expiration of those dates. Without the opportunity to conduct discovery on Plaintiff's newly asserted claims, the remaining defendants would suffer undue prejudice.

Finally, the court has determined that Plaintiff "is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (quotations

3

and citations omitted). As previously noted, Plaintiff was well aware of the relevant facts at the outset of this case. As such, all of the claims Plaintiff seeks to bring in her proposed amendment appear to be claims that she could have asserted, or sought leave to assert, long ago. Further, as previously indicated, the claims in Plaintiff's proposed amendment are not based on new factual developments.

For these reasons, Plaintiff's Motion for Leave to Amend her Complaint (Dkt. No. 308) is DENIED. The court also therefore DENIES as moot Plaintiff's Motion to Stay its disposition of her Motion to Amend (Dkt. No. 376).

SO ORDERED this 13th day of February, 2014.

BY THE COURT:

Clark Waddoups
United States District Judge